Battle, J.
 

 The record of the proceedings of the Court of Equity of Buncombe county, in the suit of Wm. H. Ledbetter
 
 et al.
 
 v. the present defendant and the other heirs at law of Jas. Laughter, dec’d., for a sale for partition of the lands of the said James Laughter, shows that the lands were not otherwise described, than as the lands of the said deceased. Now, if the defendant had obtained a good title from his father, for the land in controversy, by a deed executed in his father’s lifetime, we cannot see how he could be estopped from setting it up by any thing which was done in the suit in Equity. If such were the case, the land in question was not embraced in the bill, nor the order of sale, and of course the clerk and master had no authority to sell, and no title passed by his
 
 *356
 
 deed to the purchaser. The 'filing of the deeds by Bird Laughter certainly could not enlarge the description of the lands as given in the bill: though it might have enabled the plaintiffs therein to have had it amended, and thereby, to have included the land in question. The case states that when
 
 the
 
 land was offered for sale by the clerk and master, the defendant objected.to the sale: but if he had not done so, we are not aware of any principle which would have excluded him from claiming it. The legal title to land cannot be thus transferred by a parol estoppel.
 

 We are of opinion that his Honor erred in holding that the decree of the Court of Equity, and the sale under it, gave the plaintiff a title conclusive against the defendant.
 

 Per Curiaji. There must be a
 
 venire de novo.